# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| IN RE INDYMAC ERISA LITIGATION | Master File No.:<br><br>CV 08-04579 DDP(VBKx)<br><br>**STIPULATED PROTECTIVE ORDER** |

On consideration of the Stipulation for Protection of FDIC Confidential Materials submitted by Defendants Jim Barbour, Louis E. Caldera, Kevin Cochrane, Hugh M. Grant, Ken Horner, A. Scott Keys, Rayman Mathoda, Michael W. Perry, Jennifer Pikoos, and John F. Seymour (collectively, "Defendants") and Plaintiffs Sam Zhong Wang and Jeffrey Washington ("Plaintiffs," and together with Defendants, the "Parties"), and it appearing to the Court that such a Protective Order is necessary and appropriate and will facilitate the effectuation of the settlement reached in this Action,

///

- 1 -

IT IS THEREFORE ORDERED that:

1. For purposes of this Protective Order, the defined terms "Settlement Administrator," "Plan of Allocation," "Settlement," "Settlement Administrator," "Class," "Class Member," and "Class Counsel" shall have the same meaning as those terms are defined in the Stipulation and Agreement of Settlement of Class Action – ERISA the parties executed on June 1, 2010 (the "Settlement").

2. The FDIC Confidential Information is defined as the following information for each Class Member produced by the FDIC as Receiver (the "Receiver"): name; last known address; social security number, as well as the following information for each Class Member's individual account holdings: balance of IndyMac Bancorp Stock in the IndyMac Stock Fund of at the start of the Class Period; total credits of IndyMac Bancorp Stock to the IndyMac Stock Fund during the Class Period; total disbursements of IndyMac Bancorp Stock from the IndyMac Stock Fund during the Class Period; and balance of IndyMac Bancorp Stock in the IndyMac Stock Fund at the end of the Class Period.

3. FDIC Confidential Information produced by the Receiver shall be treated as confidential. Counsel in this Action shall take all steps necessary to ensure that the FDIC Confidential Information shall not be disclosed except according to the specific terms of this Protective Order.

4. All FDIC Confidential Information shall be used solely for the purpose of effecting the settlement of this Action and for no other purpose.

5. The FDIC Confidential Information shall be delivered by the Receiver to the Settlement Administrator, within fifteen (15) days after the FDIC receives a fully executed copy of this Protective Order which shows that the Protective Order has been entered as an order in the Action, and the appropriate Consent(s) have been executed as required in Section 7 below.

6. The FDIC Confidential Information shall not be disclosed except to:

1    (a.) the Court;

2    (b.) the Settlement Administrator referred to in Section 1.36 of the Settlement, for the sole and limited purpose of administering class notice(s) in the Action and complying with the other duties of Settlement Administrator in the Action, and a third party utilized by the Settlement Administrator to comply with its notice duties;

(c.) Class Counsel under the following circumstances only:

    (i.) to the extent the Settlement Administrator seeks input or assistance from Class Council to verify membership in the Class;

    (ii.) to the extent the Settlement Administrator seeks input or assistance from Class Counsel to notify Class Members of developments in the Action arising after distribution of notice, and;

    (iii.) to the extent the Settlement Administrator seeks input or assistance from Class Counsel to respond to inquiries from Class Members, including but not limited to inquiries regarding the Plan of Allocation and individual Class Members' estimated pro rata share of the Settlement.

7.    Before obtaining access to the FDIC Confidential Information, each person to be provided access pursuant to this Protective Order, other than the Court or Court personnel, shall acknowledge in writing, in the form of Exhibit A attached, that he or she has read this Protective Order, agrees to be bound by it, and any disclosure in violation of this Protective Order shall constitute a contempt of court (the "Consent").  Class Counsel shall bear the burden of confirming such Consents are executed and shall retain each original signed Consent.  A copy of

1  each executed Consent shall be sent to counsel for the FDIC specified in Section 9
2  within forty-five (45) days of execution.
3      8.   All FDIC Confidential Information that is filed with the Court, and
4  any pleading, motions or other papers filed with the Court disclosing any FDIC
5  Confidential Information shall be filed under seal and kept under seal until further
6  order of the Court.
7      9.   Any notices, and copies of all written Consents by any individual
8  having access to FDIC Confidential Information as required by this Protective
9  Order, shall be in writing and sent by certified mail, return receipt requested, to
10 counsel for the Receiver as follows;

>       Jeffrey E. Thomas
>       Counsel, Section Chief
>       Legal Division
>       Federal Deposit Insurance Corporation
>       40 Pacifica, Suite 1000
>       Irvine, CA 92618
>       jefthomas@fdic.gov

or to such other counsel as the FDIC shall designate in writing.

    10.  At the conclusion of this Action, including all appeals, all FDIC Confidential Information in the possession or control of any person granted access under this Protective Order, including all copies, extracts and summaries, shall be immediately returned to the FDIC attorney named in Section 9 above or otherwise disposed of in any other reasonable or less expensive manner as may be directed by the Receiver in writing.

    11.  The failure of any party to this Protective Order to enforce any provision of this Protective Order shall not be construed as a waiver of such provision, nor be construed in any way to affect the validity of this Protective Order, or the right of any party, including but not limited to the Receiver, to

1 enforce every provision.  No waiver of any breach of this Protective Order shall be
2 held to constitute a waiver of any other breach.

3   12. In the event that any Party to this Protective Order, including the
4 Settlement Administrator and any person signing a Consent, receives a subpoena,
5 legal process, or court order seeking disclosure of any of the FDIC Confidential
6 Information, the Party, entity or person shall provide immediate notice to the
7 Receiver in a manner reasonably calculated to give the Receiver an opportunity at
8 its expense to protect the confidentiality of the information involved.

9   13. This Stipulation and Protective Order may be executed in one or more
10 counterparts, each of which shall be deemed an original document, and all of
11 which, when taken together, shall be deemed to constitute a single document.  Fax
12 signatures and electronically transmitted signatures (ie: pdf files) shall constitute
13 original signatures for the purpose of this Agreement.

15   IT IS SO ORDERED

16   Dated: September 28, 2010

18           UNITED STATES DISTRICT JUDGE

- 5 -

EXHIBIT A

Consent Regarding

FDIC Confidential Information

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**IN RE INDYMAC ERISA LITIGATION**

**Master File No.:** 08-04579 DDP(VBKx)

CONFIDENTIALITY MATERIALS RECEIPT AND AGREEMENT

I, _____, state:

    1.    I reside at _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is _____.

    4.    I hereby acknowledge that protected and confidential information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order entered by the Court on _____, 2010 in the above-referenced litigation ("Protective Order").  I further acknowledge that I have been given a copy of the Protective Order, have read its terms and conditions, and agree to be bound by the terms.  I understand that the confidential information which I will have access to shall be used solely for the purpose of this case and will not be used or disclosed outside of this case.  I further agree that all FDIC Confidential Information, as that term is defined in the Protective Order, may only be disclosed as specifically set forth in the Protective Order.  I promise that I will not disclose

to, reveal, or discuss in any way such confidential information or the facts and information contained therein with any other person other than as authorized by the Protective Order.

5. I agree that even after I cease to be actively involved in the above-captioned litigation, I shall continue to be bound by the terms of this Consent and the Protective Order.

6. I hereby submit to the jurisdiction of the Court for purposes of enforcing the Protective Order.

7. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 20\_\_.
At _____.

_____.