O

JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| IN RE INDYMAC ERISA LITIGATION | Master File No.: <br><br> CV 08-04579 DDP(VBKx) <br><br> **FINAL ORDER AND JUDGMENT** <br><br> JUDGE:  DEAN D. PREGERSON |

This *Action* involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq*. ("*ERISA*"), with respect to the IndyMac Bank, F.S.B. 401(k) Plan (the "*Plan*").[1]

This matter came before the Court for a hearing pursuant to the order of this Court entered on September 16, 2010, on the application of the *Parties* for approval of the *Settlement* set forth in the Stipulation and Agreement of Settlement of Class Action – ERISA (the "Settlement Agreement"), executed on June 1, 2010.

Before the Court are: (1) *Named Plaintiffs'* Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, and Approval of Plan of Allocation ("Final Approval Motion"); and (2) *Class Counsel's* Motion for Award

---

[1] Terms capitalized and italicized in this order shall have the meaning ascribed to them in the Settlement Agreement.

- 1 -

of Attorneys' Fees and Expenses and Named Plaintiffs' Case Contribution Awards (collectively, the "Fees and Expenses Motion").

The Court has received declarations attesting to the mailing of the *Notice* and publication of the *Summary Notice* in accordance with the Court's Findings and Order Preliminarily Approving Proposed Settlement, Preliminarily Certifying Settlement Class, Approving Notice Plan, and Setting Time and Fairness Hearing ("Order for Notice and Hearing").

A hearing was held on January 10, 2011 (the "Final Approval Hearing"), to: (1) determine whether to grant the Final Approval Motion; (2) determine whether to grant the Plan of Allocation Motion; (3) determine whether to grant the Fees and Expenses Motion; and (4) rule upon such other matters as the Court might deem appropriate.

Due and adequate notice having been given to the *Class* as required, and the Court having considered all papers filed and all related proceedings, hereby finds and orders as follows:

1. This Court has jurisdiction over the subject matter of this *Action* and over all *Parties* to the *Action*, including all members of the *Class*.

2. On November 4, 2010, 2,862 copies of the *Notice* were mailed to *Class Members*.

3. On November 4, 2010, a copy of the *Summary Notice* was electronically published on the Business Wire in accordance with the Settlement Agreement and the Court's Order for Notice and Hearing.

4. In accordance with the Court's Order for Notice and Hearing, the *Notice* and Settlement Agreement were posted on www.gcginc.com/cases/IDM.

5. The *Notice* and the *Summary Notice* fully informed *Class Members* of their rights with respect to the *Settlement*, including the right to object to the *Settlement* or the application for an award of attorneys' fees and reimbursement of expenses.

6. The *Notice* and *Summary Notice* collectively met the statutory requirements of notice under the circumstances, including the individual notice to all members of the *Class* who could be identified through reasonable effort, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

7. The *Action* and all claims contained therein, as well as all of the *Released Claims*, are dismissed with prejudice as to the *Named Plaintiffs*, the *Class Members*, and the *Plan*, and as against the *Released Parties*. The *Parties* are to bear their own costs, except as otherwise provided in the Settlement Agreement.

8. The Final Approval Motion is GRANTED, and the *Settlement* is hereby APPROVED as fair, just, reasonable, and adequate as to each member of the *Class*, and in the public interest. The *Parties* are hereby directed to implement the *Settlement* in accordance with its terms and conditions.

9. The *Named Plaintiffs*, on behalf of themselves, the *Plan*, and the *Class*, are deemed to have, and by operation of this Order and Judgment shall have, absolutely and unconditionally released and forever discharged the *Released Parties* from the *Released Claims*.

10. All members of the *Class* are hereby forever barred and enjoined from prosecuting the *Released Claims* against the *Released Parties*. As set forth in Paragraph 1.31 of the Settlement Agreement, the *Released Claims* shall be: any and all claims whether known or unknown, (i) that were asserted in the *Action* or that could have been asserted in this *Action*; (ii) that would have been barred by *res judicata* had the *Action* been fully litigated to a final judgment; or (iii) that relate to any investment in *Bancorp* stock or the IndyMac Stock Fund by the *Plan* or any such investment by any *Plan* participant through the *Plan*. *Released Claims* shall extend to all *Released Parties*. The *Released Claims* shall not extend to any claims asserted by or on behalf of the plaintiffs in (i) the *Tripp Action* or (ii) the *Daniels Action*. Further, *Released Claims* shall not extend to claims (i) related to

enforcement of the Settlement Agreement; (ii) for individual or vested benefits separate and distinct from the claims asserted in the *Action*; or (iii) against the *Independent Fiduciary*.

11. Each of the *Defendants*, by operation of this Order and Judgment, absolutely and unconditionally releases and forever discharges the *Named Plaintiffs*, the *Class*, and *Class Counsel* from any and all claims relating to, or in connection with the institution or prosecution of this *Action* or the *Settlement* of any *Released Claim*.

12. The *Plan of Allocation* is hereby APPROVED as fair and reasonable. *Class Counsel* are directed to administer the *Settlement* in accordance with its terms and provisions. Any modification or change in the *Plan of Allocation* that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. *Class Counsel* is hereby awarded attorneys' fees in the amount of 25% of the *Settlement Fund*, which the Court finds to be fair and reasonable, and $97,671.04 in reimbursement of *Class Counsel's* reasonable expenses incurred in prosecuting the *Action*. The attorneys' fees and expenses so awarded shall be paid from the *Gross Settlement Fund* pursuant to the terms of the Settlement Agreement, as provided in the Settlement Agreement, with interest on such amounts from the date the *Settlement Fund* was funded to the date of payment at the same net rate that the *Gross Settlement Fund* earns. All fees and expenses paid to *Class Counsel* shall be paid pursuant to the timing requirements described in the Settlement Agreement.

14. The *Named Plaintiffs* are hereby awarded case contribution awards in the amount of $5,000 each and shall be paid pursuant to the timing requirements described in the Settlement Agreement.

15. In making this award of attorneys' fees and reimbursement of expenses to be paid from the *Settlement Fund*, and the compensation awards to the

*Named Plaintiffs*, the Court has considered and found that:

    a) The *Settlement* achieved as a result of the efforts of *Class Counsel* has created a fund of $7,000,000 in cash that is already on deposit, plus interest thereon, and will benefit thousands of *Class Members*;

    b) *Class Counsel* have conducted the litigation and achieved the *Settlement* with skill, perseverance, and diligent advocacy;

    c) The *Action* involves complex factual and legal issues prosecuted over several years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    d) Had *Class Counsel* not achieved the *Settlement*, there would remain a significant risk that the *Named Plaintiffs* and the *Class* may have recovered less or nothing from the *Defendants*;

    e) The amount of attorneys' fees awarded and expenses reimbursed from the *Settlement Fund* are consistent with awards in similar cases; and

    f) The *Named Plaintiffs* rendered valuable service to the *Plan* and to all *Plan Participants*. Without this participation, there would have been no case and no settlement.

16. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received into any action or proceeding for any purposes, except (i) in an action or proceeding arising under the Settlement Agreement or arising out of or relating to the Preliminary Approval Order or the this Final Order and Judgment, (ii) in any action or proceeding where the releases provided pursuant to this Settlement Agreement may serve as a bar to recovery, or (iii) in any action or proceeding to determine the availability, scope, or extent of

insurance coverage (or reinsurance related to such coverage) for the sums expended for the *Settlement* and defense of the *Action*.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the *Settlement* and any award or distribution of the *Settlement Fund*, including interest earned thereon; (b) disposition of the *Settlement Fund*; (c) hearing and determining applications for attorneys' fees, costs, interest, and reimbursement of expenses in the *Action*; and (d) all *Parties* hereto for the purpose of construing, enforcing, and administering the *Settlement*.

18. The Court finds that during the course of the litigation, the *Named Plaintiffs* and the *Defendants* and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. This Order and Judgment shall not be considered or used as an admission, concession, or declaration by or against *Defendants* of any fault, wrongdoing, breach, or liability.

20. In the event that the *Settlement* does not become effective in accordance with the terms of the Settlement Agreement or in the event that the *Gross Settlement Fund*, or any portion thereof, is returned to the *Defendants* or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

21. Final Judgment shall be entered herein.

IT IS SO ORDERED.

Date: January 19, 2011

                                  Dean D. Pregerson
                                  United States District Judge